IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOANDEPOT.COM, LLC, | : |
| *Plaintiff*, | : |
| v. | : Case No. 2:22-cv-01080 |
| KEVIN LUCHKO, | : |
| *Defendant*. | : |

**STIPULATED ORDER**

Plaintiff loanDepot.com, LLC ("loanDepot") and Defendant Kevin Luchko ("Luchko") (collectively, the "Parties"), having agreed to certain terms relating to information loanDepot asserts is confidential or non-public information, stipulate and agree as follows:

1. Luchko is enjoined from violating, and will not violate, any non-disclosure and non-solicit obligations to loanDepot as set forth in written agreements between the Parties, including specifically the non-disclosure and non-solicit obligations set forth in Section VI of the Retail Master Incentive Plan that loanDepot asserts Mr. Luchko signed on December 27, 2018 ("Compensation Agreement"), a copy of which was attached as Exhibit 5 to loanDepot's Emergency Motion For A Temporary Restraining Order, Preliminary Injunction, And Expedited Discovery (ECF No. 2-9).

2. Luchko is enjoined from using, disclosing, copying, possessing, or controlling and will not use, disclose, copy, possess, or control any of loanDepot's confidential, trade secret, or consumer-protected information (collectively, "Protected Information"), including, but not limited to, information defined as "Confidential Information" under Section VI of the Compensation Agreement.

1

3. Within five (5) days of entry of this Stipulated Order, Luchko shall turn over to an independent third-party computer forensic expert agreed upon by the Parties his smartphone for the purpose of (i) taking and retaining digital images of the data stored on the smartphone; (ii) identifying, with loanDepot's (and its counsel's) participation, from the digital images any Protected Information on the smartphone that Luchko obtained based on his employment with loanDepot; (iii) permanently deleting such information from the smartphone at the discretion and direction of loanDepot; and (iv) retaining the information in the custody of such third-party computer forensic expert for the purpose of preserving evidence until such time the Parties jointly notify such third-party computer forensic expert to delete the digital images and any information therefrom.  Luchko agrees to cooperate in good faith and promptly with loanDepot and the third-party computer forensic expert to permit the foregoing process to proceed and will bear the cost of this process.

4. The Parties shall, within seven (7) days from the entry of this Order meet, confer, and agree upon a protocol for purposes of the inspection of (i) Luchko's smartphone, as described in paragraph 3 above; (ii) Luchko's personal email accounts; and (iii) the ScanDisk External Storage Device ("USB") identified as Volume Serial#: 8840C839; Serial#\GUID: 09019e0d1a87608b6de91e23cb568f8c4ca23705199915ddabc637b7afc9b85.  If the Parties do not agree upon such a protocol within 7 days from the entry of this Order, either party may, after making a good faith effort to resolve any such disputes, seek this Court's intervention.

5. Luchko has represented through counsel, and shall, within 24 hours of the entry of this Order, confirm in writing subject to penalty of perjury, that he does not own or have in his possession, custody, or control, any computer or any other device used to store electronic information (such as a cell phone, flash drive, Blackberry, iPad, or any other electronic storage

media) other than (i) the one smartphone identified above; (ii) the ScanDisk USB identified above; and (iii) the company-issued laptop computer he uses in the course of his employment with Movement Mortgage that is owned by Movement Mortgage or is otherwise subject to its control.

6.  The Parties agree that within 60 days of the initial scheduling conference with the arbitrator in *loanDepot.com, LLC v. Luchko*, JAMS Ref. No. 1450008139 (the "Arbitration"), or as soon thereafter as the arbitrator may be available, a hearing will be held regarding Luchko's claimed entitlement to have access to and retain (i) certain contact information contained within two Microsoft Excel Spreadsheet Files identified as "all contacts.xlsx" and "092421_Luchko_My Realtors on Funded Loans YTD-2021_36 Months.xlsx"; and (ii) the following files: (a) "closed EB Deals.xlsx"; (b) "closed EB Deals 2.xlsx"; (c) "closed wells fargo deals.xlsx"; (d) "Referral Partners.xlsx"; and (e) "REFERRALS I WANT TO GO AFTER.xlsx", unless the Parties resolve these issues before such hearing.

7.  To the extent Luchko shared any information that is the subject of this Stipulated Order with any other person or entity, excluding privileged communications with counsel, Luchko will identify in writing, within three (3) business days of the entry of this Stipulated Order, such persons to loanDepot subject to penalty of perjury.

8.  The arbitrator in the Arbitration may entertain an application made by either party for an award of attorneys' fees and costs arising from the proceedings before this Court in the above-captioned action.

9.  By entering into this Stipulated Order, Luchko does not waive or admit any fact or legal principle in dispute and fully reserves all available rights, interests, claims and defenses available to him in equity and in law.  The Parties acknowledge and agree that this Stipulated Order does not and shall not constitute an admission by either Party of any wrongdoing, fault, or liability

with respect to any claim, defense or issue alleged in or relating to this Action, the Arbitration, or Luchko's employment with loanDepot, and each of the Parties reserve all rights and remedies relating thereto. Nothing herein can be used to infer, imply, or suggest any wrongdoing or illegal, unethical, or otherwise improper conduct by Luchko.

10. This Court will retain jurisdiction over the above-captioned action pending a resolution of the Arbitration. Either party may seek this Court's intervention regarding any alleged violation of this Stipulated Order, but only after such party makes a good faith effort to resolve any such alleged violation with the allegedly offending party.

The Parties consent to the use of electronic signatures on this document.

**IT IS SO STIPULATED:**

*/s/ Benjamin E. Widener*
Benjamin E. Widener (PA No. 202569)
Cory A. Rand (PA No. 314607)
**STARK & STARK, P.C.**
993 Lenox Drive, Building 2
Lawrenceville, NJ 08648
609.895.7358 (t)
609.895.7395 (f)
BWidener@stark-stark.com
CRand@stark-stark.com

Ari Karen (admitted *pro hac vice*)
**MITCHELL SANDLER LLC**
1120 20th St. NW, Suite 725
Washington, D.C. 20036
202.886.5265 (t)
AKaren@mitchellsandler.com

*Attorneys for Defendant*

Dated: April 28, 2022

*/s/ Jonathan L. Shaw*
Matthew J. Hank (PA No. 86086)
Jonathan L. Shaw (PA No. 316882)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
267.402.3000 (t)
267.402.3131 (f)
MHank@littler.com
JLShaw@littler.com

*Attorneys for Plaintiff*

Dated: April 28, 2022

**SO ORDERED** this _____ day of _____, 2022

**BY THE COURT:**

_____
**HON. MICHAEL M. BAYLSON**
**United States District Court Judge**